In the Matter of the Appraisal Under the Act in Relation to Taxable Personal Property of the Property of FRANK LINSLY JAMES, Deceased.

77 211
144a 6

*Property taxable under chapter 713 of 1887 — non-resident property of a non-resident not taxable — certificates of shares of stock in a foreign corporation.*

In case a resident citizen of another State or country, domiciled therein, dies leaving personalty within the State of New York, it or the right to succeed to it, is taxable under chapter 713 of the Laws of 1887, and in case a resident citizen of the State of New York domiciled therein dies leaving personalty in another State or country, it or the right to succeed to it, is taxable under such act.

Where a person dies, a resident of the Kingdom of Great Britain, leaving property therein and also in the State of New York, if legacies bequeathed by his will to foreign legatees are paid out of the property in Great Britain, such legatees have not succeeded to any property in the State of New York, nor has any property passed to them by virtue of the laws thereof, and their right to succession is not taxable under chapter 713 of the Laws of 1887.

A testator, not a resident of the State of New York, died leaving within this State certificates of shares of stock of various foreign corporations.

*Held*, that neither the value thereof nor the right to succeed thereto was subject to taxation under chapter 713 of the Laws of 1887.

APPEAL by John Arthur James, executor, etc., of Frank Linsly James, from a decree of the Surrogate's Court of New York county, entered in the office of the clerk of the New York Surrogate's Court on the 26th day of December, 1893, affirming an order entered in the said clerk's office on the 5th day of October, 1893, fixing and assessing a tax upon certain legacies.

On the 21st of April, 1890, Frank Linsly James, a resident citizen of the United Kingdom of Great Britain and Ireland, and domiciled therein, died at San Benito, on the west coast of Africa. . He left a last will and testament, executed in England June 26, 1886, which was, June 14, 1890, duly probated in England by the Probate Court thereof, and letters testamentary thereon were duly issued to John Arthur James and William Dodge James, the persons nominated in the will as the executors and trustees thereunder. On the 10th of October, 1890, said will was duly established in this State by a judgment of the Supreme Court, and on the fourteenth of that month letters testamentary thereon were granted by the Surrogate's Court of the city and county of New York to John Arthur James, pursuant to article 3 of title 3 of chapter 15 of the Code of Civil Procedure. The testator had, at the time of his death, in this State, stocks and bonds issued by various corporations, and bonds and mortgages on real property of the value of . . . . . . . . . . . $2,303,472 53

The testator's property in England, which consisted of realty and personalty, was valued at . . . . . . . . 477,630 00

Making the total amount of his estate . . . . . . . . $2,781,102 53

Property in New York is .82825 of all of testator's property, and equals. . . . . . . . . . . . . . . . . . . . . . . $2,303,472 53

The testator's debts amounted to $17,245, .82825 of which equals. .   $14,283 17

Executors' commissions on property in this State . . . . . . . . . . . . . . . . . . .   23,209 72

Estimated expenses of administration in this State . . . . . . . . . . . . . . . . . . .   15,000 00

                                        52,492 89

Net value of personalty in New York . . . . . . . $2,250,979 64

The learned surrogate held that .82825 of the foregoing net value of property in this State was applicable to the payment of the following legacies, valued and assessed as follows:

| LEGATEE. | Value of legacy. | Value at .82825. | Tax. |
|---|---|---|---|
| Ethelbert Edward Lort Phillips, life annuity valued at..................... | $96,310 | $79,768 00 | $3,988 40 |
| Ruth Lancaster James................. | 1,000 | 828 25 | 41 41 |
| Mary E. Boyd........................ | 25,000 | 20,706 25 | 1,035 30 |
| Rev. Francis George La Poor McClintock | 10,000 | 8,282 50 | 414 13 |
| Ethelbert Edward Lort Phillips........ | 50,000 | 41,412 50 | 2,070 63 |
| Royal Hospital for Incurables.......... | 25,000 | 20,706 25 | 1,035 30 |
| Cheyne Hospital ..................... | 25,000 | 20,706 25 | 1,035 30 |
| William Matthews.................... | 2,500 | 2,070 62 | 103 53 |
| Daniel Willis James.................. | 1,000 | 828 25 | No tax. |
| Olivia Phelps Hoe.................... | 1,000 | 828 25 | No tax. |
| | $236,810 | $196,137 12 | $9,724 00 |

Deducting $196,137.12, produced by the above ratio as applicable to the payment of legacies, from the net value of the personalty in this State, $2,250,979.64, the value of the remainder of the property in this State is $2,054,842.52. Daniel Willis James and Olivia Phelps Hoe reside in America, but in what State does not appear, and all of the other legatees above named are resident citizens of and are domiciled in the United Kingdom of Great Britain and Ireland.

*D. B. Ogden,* for the petitioner, appellant.

*Edward S. Kaufman,* for Comptroller of the city of New York, respondent.

FOLLETT, J.:

It seems to have been settled that in case a resident citizen of another State or country and domiciled therein dies, leaving personalty within this State, it, or the right to succeed to it, is taxable under chapter 713 of the Laws of 1887 (*Matter of Estate of Romaine,* 127 N. Y. 80), and in case a resident citizen of this State and domiciled therein dies, leaving personalty in another State or country, it, or the right to succeed to it, is taxable under that act. (*Matter of Estate of Swift,* 137 N. Y. 77.) Under these decisions the property of the testator within this State passing to foreign

legatees is taxable under the act above mentioned. It is alleged in the petition that the foreign legatees have been paid out of the property of the testator in England, but whether this allegation is true or false was not determined by the appraiser nor by the Surrogate's Court, nor does it appear whether these legacies were paid before or after the will was established in this State. If the legacies bequeathed to the foreign legatees were paid out of property in England those legatees have not succeeded to any property in this State, nor has any property passed to them by virtue of the laws of this State, and their right of succession is not taxable under this act. This does not affect the amount of revenue derivable from the property within this State, because the residue is increased and becomes taxable. It has been held (*Matter of Swift, supra*) that the right to succeed to personalty situate in another State and owned by a resident citizen of this State at the time of his death is taxable under the act, but, so far as we know, it has never been held that the right to succeed to personalty situate in another State and owned by a decedent who never resided nor had been domiciled in this State is taxable under the act. It appears from the facts found by the appraiser that a considerable portion (the amount not stated of the testator's personalty found to have been within this State at the date of his death) consists of shares in corporations incorporated under the laws of other States, the value of which was included in the total valuation of $2,250,979.64. Under the evidence, presumably the certificates representing these shares were in this State when the testator died, though it was not so expressly found. These certificates are not shares nor property under the laws relating to taxation, nor under the sections of the Code relating to attachments; they are merely evidence of title to the shares. (*Matter of Enston*, 113 N. Y. 174, 181; *Plimpton* v. *Bigelow*, 93 id. 592, 600; *Burr* v. *Wilcox*, 22 id. 551; *Van Allen* v. *Assessors*, 3 Wall. 597, 598, 599; *Winslow* v. *Fletcher*, 53 Conn. 390; *Haley* v. *Brumagim*, 33 Cal. 394, 399; Cook Stock & Stockholders, § 10.) The testator not being a citizen of this State, and the property represented by the certificates not being therein at the time of his death, it is not, nor is the right to succeed to such property, taxable under chapter 713 of the Laws of 1887, and the Surrogate's Court erred in including it in the amount from which the ratio was found.

The decree of the Surrogate's Court should be reversed, with costs to the appellant, and a new hearing granted in that court.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Decree reversed, with costs to appellant, and new hearing granted.